J-S84021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EFRAIN LOPEZ | : | |
| | : | |
| Appellant | : | No. 1589 EDA 2018 |

Appeal from the PCRA Order May 18, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007193-2011

BEFORE:  BENDER, P.J.E., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED JUNE 06, 2019**

Efrain Lopez appeals from the order entered May 18, 2018, in the Philadelphia County Court of Common Pleas, dismissing his serial petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Lopez seeks relief from the judgment of sentence of an aggregate term of 25 to 50 years' imprisonment, imposed on July 17, 2013, following his negotiated guilty plea to murder in the third degree and related weapons offenses.  On appeal, he asserts the PCRA court erred in dismissing the petition because he has newly discovered evidence.  For the reasons discussed below, we affirm.

The parties know the facts and procedural history underlying this appeal, so we need not recite them herein.  In summary, on July 17, 2013,

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

Lopez entered a negotiated guilty plea to murder in the third degree and related weapons offenses, in return for the Commonwealth not seeking a sentence of life without the possibility of parole and agreeing to a sentence of incarceration of 25 to 50 years. The trial court immediately sentenced him in accordance with the terms of the plea. Lopez did not file a direct appeal.

Lopez filed a *pro se* PCRA petition on July 11, 2014, alleging that trial counsel failed to advise him properly of the terms of his plea agreement. PCRA Petition, 7/11/2014, at 7. The PCRA court subsequently appointed counsel, who petitioned to withdraw on April 26, 2015.

On June 10, 2015, Lopez filed an amended PCRA petition, alleging newly discovered evidence. Specifically, he contended that the Philadelphia Police Department fired the lead detective on his case,[2] Ronald Dove, and the Commonwealth subsequently prosecuted Dove for falsifying evidence in an unrelated, personal matter. Amended PCRA Petition, 6/10/2015. Lopez further contended that, in his case, Dove had coerced one of the three eyewitnesses to the murder into making a false statement incriminating him and had planted physical evidence. *Id.*

On June 19, 2015, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). The

---

[2] While Lopez contends that Dove was the lead investigator on the case, the Commonwealth states that Dove was only one of several detectives involved in the matter. Commonwealth's Brief at 9.

notice only addresses the allegations in the original PCRA petition and never addresses Lopez's attempted amendment. Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 6/19/2015, at unnumbered pages 1-6. Lopez filed no response to the Rule 907 notice. The PCRA court granted counsel's request to withdraw and dismissed the PCRA petition on July 31, 2015. In its opinion, the PCRA court never mentions the attempted amendment.[3] Lopez did not file an appeal.

On February 8, 2016, Lopez filed a second, *pro se* PCRA petition making the same allegations as those in his June 10, 2015 amended PCRA petition, along with a claim that the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963), by not turning over documentation relating to Dove's misconduct. Subsequently, Lopez filed two amendments to his serial petition, which provided additional documentation in support of his newly discovered evidence and **Brady** claims. On March 16, 2018, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal

---

[3] Under Pennsylvania law there is no right to hybrid representation either at trial or on the appellate level. **See Commonwealth v. Padilla**, 80 A.3d 1238, 1259 (Pa. 2013), *cert. denied*, 573 U.S. 907 (2014). However, when a represented defendant files a *pro se* motion, brief, or petition, the court should forward the document to counsel. **See id.** at 1258. There is no indication on the docket that this occurred. In any event, a defendant's *pro se* filing, when represented by counsel, is a legal nullity. **See Commonwealth v. Ruiz**, 131 A.3d 54, 56 n.4 (Pa.Super. 2015) (*citing* **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993).

Procedure 907(1). Lopez filed a response on March 26, 2018. On May 18, 2018, the PCRA court dismissed the petition. Despite acknowledging that the petition was untimely, "[i]n the interests of justice and expediency[,]" the PCRA court treated the petition as timely and denied it on the merits. PCRA Court Opinion, 6/06/2018, at unnumbered pages 3-4. This timely appeal follows.[4]

On February 5, 2019, subsequent to the filing of the briefs in this matter, counsel entered his appearance on behalf of Lopez. On February 12, 2019, counsel sought leave to file a late reply brief. This Court granted his request and counsel filed a reply brief on April 15, 2019.

On appeal, Lopez contends the trial court erred in dismissing his petition because of his meritorious newly discovered evidence and **Brady** claims. Lopez's Brief, at 4. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted).

A petitioner must file a PCRA petition within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). Lopez's judgment of sentence was final on August 16, 2013, 30 days after the court

---

[4] The PCRA court did not order Lopez to file a concise statement of errors complained of on appeal. On June 6, 2018, the court filed an opinion.

imposed the sentence and the time for filing a direct appeal expired.

Therefore, the petition before us, filed more than 2½ years later, is patently

untimely.

Nevertheless, we may still consider an untimely petition if "the petition

alleges and the petitioner proves" one of the following three time-for-filing

exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  Until recently, a petitioner invoking an

exception had to file his petition within 60 days of the date he or she could

have presented the claim.[5]

Here, Lopez attempts to invoke the previously unknown facts exception

set forth in Subsection 9545(b)(1)(ii).  He claims that the PCRA court erred in

---

[5] Effective December 24, 2018, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petitioner invoking a timeliness exception must file the petition within one year of the date the claim could have been presented, for all claims arising after December 24, 2017.  **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3.

holding that he had not established that the outcome of the trial would have been different in light of his claims that Dove forced an eyewitness to make a false statement, and because of Dove's subsequent conviction for providing unsworn falsification to authorities. Lopez's Brief, at 7. Lopez further claims that the Commonwealth committed a ***Brady*** violation by not turning over the information contained in a 2010 internal affairs complaint against Dove. ***Id.***

This Court has previously explained the interplay between the newly discovered facts exception to the timeliness requirements and a substantive collateral claim of after-discovered evidence as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, inter alia, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have

changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.
>
> Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176–177 (Pa. Super. 2015) (some citations and quotation marks omitted, emphases in original), *appeal denied*, 125 A.3d 1197 (Pa. 2015). Accordingly, before we may consider whether Lopez's substantive claim of after-discovered evidence merits relief, we must first determine whether he has established "there were facts unknown to him and that he exercised due diligence in discovering those facts." *Id.* at 176.

Our review of the record enumerates something of a conundrum in establishing whether Lopez has shown that the facts were unknown to him or that he exercised due diligence. The record reflects that Lopez became aware of Dove's legal problems and should have been aware of the Commonwealth's alleged *Brady* violations at some point prior to June 10, 2015, when he filed an amendment to his timely, counseled PCRA petition. However, as discussed above, our review of the record demonstrates that there was a breakdown at the PCRA court level, as we can find no indication that the court forwarded the

amendment to counsel or was even aware that Lopez was attempting to amend his timely petition to raise a newly discovered evidence claim.

Moreover, while Lopez did not file his second PCRA petition until more than six months had passed following the dismissal of his first petition, he used that time to find documentary evidence to attach to his petition. In ***Commonwealth v. Castro***, 93 A.3d 818 (Pa. 2014), our Supreme Court held that it was not sufficient to rely upon a newspaper article to establish after-discovered evidence for use in a post-sentence motion. The Court held that while a newspaper "article [may] contain allegations that suggest [exculpatory] evidence may exist, [ ] allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation." ***Id.*** at 825. Although magazine and newspaper "articles can alert a party to the possible existence of evidence, [ ] the party must do more than attach the article [to establish] the evidence that will meet the [test for newly-discovered facts. . . . A petition] must, at the very least, describe the evidence that will be presented at the hearing." ***Id.*** at 837. This Court has applied ***Castro*** to the newly discovered fact exception to the PCRA. ***See Commonwealth v. Brown***, 141 A.3d 491 (Pa. Super. 2016). Given that the PCRA court never addressed when Lopez could have discovered the facts underlying his claim or whether he exercised due diligence, we will do as the PCRA court did and address the merits of Lopez's petition.

Initially, we note that Lopez entered a negotiated guilty plea; he did not go to trial. A petitioner may also attack a guilty plea under Subsection (a)(2)(iii), by demonstrating his guilty plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). Lopez has not met this standard.

The crux of Lopez's underlying claims is as follows. At the preliminary hearing, on June 22, 2011, eyewitness Michael Amerman recanted his earlier statement that Lopez was the shooter, claiming that the police who took his statement, one of whom was Dove, had coerced him. Lopez's Brief, at 9-11. The Philadelphia Police Department later dismissed Dove for misconduct in an unrelated matter, resulting in Dove's subsequent criminal prosecution.[6] *Id.* at 11-12. Lastly, the Commonwealth failed to turn over information relating to Dove's misconduct to Lopez in violation of the United States Supreme Court's decision in *Brady*. *Id.* at 13-14.

Lopez's claim that Amerman's recantation constituted a newly discovered fact lacks merit. Amerman recanted his police statement and claimed police coercion in June 2011, approximately two years **before** Lopez entered his guilty plea. Thus, Lopez was well aware at the time he entered

---

[6] In 2013, Dove used his position as a detective to obstruct the investigation into the involvement of his girlfriend in a September 2013 homicide. Commonwealth's Brief, at 7 n. 2.

- 9 -

his plea that there was a possibility of police coercion and chose to enter the plea regardless. Lopez attempts to evade this fact by arguing that Amerman's recantation in itself was not sufficiently impactful until he examined it in conjunction with the evidence of Dove's subsequent legal problems. Lopez's Brief, at 11-12. We disagree.

The PCRA court aptly analyzed this claim as follows:

[i]n the instant petition, Lopez asserts a claim of after-discovered evidence based upon the investigation, indictment, and subsequent conviction of Philadelphia Police Detective Ronald Dove, following his termination in November 2013, in the wake of allegations that he had assisted his girlfriend in covering up a murder. [The PCRA court] notes that the investigation, indictment, and subsequent conviction of Detective Dove are confined to conduct stemming from a personal matter and the materials presented in the instant filings do not support any finding of widespread corruption. The mere fact that Detective Dove was one member of the team of police personnel involved in investigating the instant August 23, 2009 shooting of Christopher Rivera does not impute the assumption that the investigation was improperly conducted. Lopez makes no specific averment about improper conduct by Detective Dove in the instant investigation nor any facts making the detective's personal affairs relevant to the instant investigation. As such, Lopez has not presented [the PCRA court] with sufficient evidence to satisfy the fourth prong which requires the petitioner to demonstrate the after-discovered evidence is of such nature and character that a different verdict would likely result if a new trial were granted. ***Com. v. Padillas***, 997 A.2d 356, 363 (Pa. Super. 2010)[, *appeal denied*, 14 A.3d 826 (Pa. 2010)]. Moreover, Lopez entered a *negotiated guilty plea* at trial wherein he accepted the facts as would have been presented by the numerous witnesses at trial as stated by the Commonwealth and avoided the potential life sentence for a conviction of [m]urder of the [f]irst [d]egree. Accordingly, [the PCRA court] has found that no relief is warranted on the basis of after-discovered evidence.

PCRA Court Opinion, 6/06/2018, at unnumbered pages 5-6.

Lopez's **Brady** claim is equally lacking in merit. While our Supreme Court has held that a **Brady** violation can fall within the governmental interference exception, Lopez has not made such a claim. **Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001. Moreover, even if we were to construe an alleged **Brady** violation as constituting newly discovered facts, Lopez's claim would still fail.

Here, Lopez claims that the Commonwealth failed to turn over a 2010 internal affairs report. It is not readily apparent what 2010 internal affairs report Lopez refers to, and no such report is attached to his PCRA petition or contained elsewhere in the certified record. The record reflects that the events that led to Dove's dismissal from the police force did not occur until after September 2013.[7] Assuming, *arguendo*, that the information in question constituted **Brady** material, information about an event that had not yet taken place could not influence his decision to plead guilty in July 2013. Thus, this claim fails.

_____

[7] In the newly filed reply brief, counsel claims, without elaboration or explanation, that the victim's family, presumably referring to the instant matter, filed some type of complaint against Dove based upon a conflict of interest. Lopez's Reply Brief, at 1. He further states that, in May 2012, "Dove had information that a man other than the defendant in that case committed the crime." **Id.** However, despite counsel's insistence that Lopez attached the report in question to his February 2017 PCRA petition, we are unable to locate it in the certified record and counsel's bald allegations contained in an appellate reply brief are insufficient to state a cognizable claim that the Commonwealth withheld **Brady** material.

Accordingly, for the reasons discussed above, we affirm the denial of Lopez's PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/19